1
2
3
4
5
6
7

8                       **UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   David Alan King ,                              No.  **2:23–CV–00116–KJN SS**

12                        Plaintiff,               SCHEDULING ORDER
                                                   SOCIAL SECURITY CASE
13                   v.

14   Commissioner of Social Security,

15                        Defendant.

16

17          Plaintiff seeks judicial review of an administrative decision of the Commissioner of Social

18   Security denying plaintiff's claim for disability benefits under the Social Security Act. This case is before

19   the assigned magistrate judge pursuant to 42 U.S.C. § 405(g), Local Rule 302(c)(15), and Appx. A

20   sub. (j) of the Local Rules.

21          Should the parties wish to consent to the jurisdiction of the magistrate judge for all purposes,

22   including entry of final judgment, they may do so using the "Consent to Assignment or Request for

23   Reassignment" form. 28 U.S.C. § 636(c). There is no obligation to consent, and the judges will

24   not be notified of a party's designation unless all parties have consented. Fed. R. Civ. P. 73(b)(1).

25   If any party requests reassignment to a United States district judge, the clerk of the court will randomly

26   assign a district judge as presiding judge, with the magistrate judge continuing as under the Local Rules.

27   Accordingly, the parties shall complete and return the Consent to Assignment or Request for

28   Reassignment form by the deadline below.

Good cause appearing and pursuant to Fed. R. Civ. P. 16, the Court ORDERS:

1. Service on the Commissioner shall follow the procedures outlined in Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) (the "Supplemental Rules").

2. Within 90 days, all parties shall complete and return the enclosed Consent to Assignment or Request for Reassignment form.

3. The parties shall follow the deadlines and procedures in the Supplemental Rules, including:

   a. Within **60 days of service of the complaint**, the Commissioner shall file a copy of the administrative record, which shall be treated as an answer to the complaint unless a separate answer is filed.

   b. Plaintiff's motion for summary judgment is due within **30 days after service of the administrative record.**

   c. The Commissioner's cross-motion for summary judgment is due within **30 days after service of plaintiff's motion.**

   d. Plaintiff's optional reply brief is due within **14 days after filing of the Commissioner's cross-motion.**

4. In those cases where a Fed. R. Civ. P. 12 motion to dismiss is warranted, the Commissioner shall file the motion in lieu of filing an administrative record. The motion to dismiss shall be filed within 60 days of service of the complaint. Plaintiff's opposing brief shall be filed within 14 days after service of the motion. The optional reply brief shall be filed within 7 days after service of the opposition brief. The motion to dismiss shall not be noticed for hearing.

5. Requests for modification of this order shall comply with Fed. R. Civ. P. 6(b)(1) and shall not be noticed for a hearing. See also Local Rule 144.

6. The administrative record shall be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. The Commissioner shall not file a paper copy of the administrative record unless so ordered by the court.

7.  All references to the record and all assertions of fact must be accompanied by citations to the record. The parties' motions for summary judgment shall contain the following:

   a.  A description of plaintiff's alleged physical or emotional impairments, including when plaintiff contends the impairments became disabling and how these impairments disable plaintiff from working;

   b.  A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

   c.  A summary of the relevant testimony at the administrative hearing(s);

   d.  A recitation of the Administrative Law Judge's findings and conclusions as are relevant to plaintiff's legal claims;

   e.  A short, separate statement of each of plaintiff's legal claims, stated in terms of the insufficiency of the evidence or reliance upon an erroneous legal standard; and

   f.  Separate argument sections addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken.

8.  Attorney fee motions shall be filed within 30 days after entry of final judgment. An opposition (or statement of non-opposition) shall be filed within 30 days thereafter. Attorney fee motions shall not be noticed for a hearing.

9.  Violations of this order, the Federal Rules of Civil Procedure, or the court's Local Rules may result in sanctions pursuant to Local Rule 110.

                              _/s/_  CAROLYN K. DELANEY_____
                              UNITED STATES MAGISTRATE JUDGE